The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | Case No. C09-1090 |
| HUMCOR, INC., <br> d/b/a Callaway Fitness-Meridian, | OPINION AFFIRMING DECISION OF <br> THE BANKRUPTCY COURT |
| Debtor(s). | |

This matter is the Appellants', Bankruptcy Trustee and Smart Lending, LLC, consolidated appeal (consolidated with Case No. C09-1123) of the bankruptcy court's decision dismissing the Chapter 7 petition for cause under 11 U.S.C. § 707(a). This Court has jurisdiction under 28 U.S.C. § 158(a) and it now affirms. A second motion for sale of assets of the estate is rendered moot. This Court recognizes the motion for sale is not frivolous and the corresponding motion for attorney's fees is denied.

## I. Factual and Procedural Background

Humcor, Inc., d/b/a Callaway Fitness-Meridian, entered into a commercial lease agreement with Appellee Meridian Place, LLC to operate a fitness center at the leased premises. (Appellants' Appendix of Record at 43.) Humcor defaulted on the lease and Meridian now has a landlord lien securing unpaid rent in the amount of $102,000. (Id. at 56); see RCW 60.72.010.

1    In May of 2008, Meridian initiated a lawsuit against Humcor in Pierce County Superior Court

2    asserting causes of action for breach of lease, foreclosure of statutory landlord lien, and for

3    avoidance of fraudulent transfers.  (Appellants' Appendix of Record at 56.)

4            Humcor filed a Chapter 7 bankruptcy petition on May 1, 2009.  (Id. at 5.)  Appellant

5    Peter Arkison was appointed the Chapter 7 trustee ("Trustee").  (Id. at 1.)  Among Humcor's

6    secured creditors were Meridian Place, LLC ("Meridian"), Smart Lending, LLC, and Cascade

7    Bank.  Meridian's lien is the senior lien.  See RCW 60.72.010.  Cascade Bank's and Smart

8    Lending's liens are both junior to Meridian's.  Allowing the bankruptcy to proceed would allow

9    Humcor to rearrange the lien priorities by avoiding Meridian's lien under 11 U.S.C. § 545(3),

10   thus prioritizing distributions to Smart Lending and Cascade Bank.

11           Humcor had previously filed a Chapter 11 bankruptcy petition.  (Appellee's Appendix of

12   Record at 3.)  This filing stayed the action in Pierce County.  See 11 U.S.C. § 362.  Humcor

13   sought to avoid Meridian's landlord lien pursuant to 11 U.S.C. § 545(3).  (Appellee's Appendix

14   of Record at 26.)  Meridian filed a motion to dismiss or alternatively convert Humcor's Chapter

15   11 petition to a Chapter 7 petition.  (Id. at 35.)  The motion to dismiss was granted for cause

16   because Humcor had no organization plan and had filed in bad faith.  (Id. at 43.)

17           Smart Lending, LLC was founded by John Haughney.  Haughney has an interest in Smart

18   Lending, he is the registered agent for Smart Lending, and Smart Lending shares an address with

19   Humcor, Inc..  (Appellants' Appendix of Record at 5, 58-60, 72.)  Mr. Haughney's mother and

20   mother-in-law also have interests in Smart Lending.  (Id. at 61)  Furthermore, Mr. Haughney is a

21   controlling insider of the debtor, Humcor, owning a 42.85% interest.  (Id. at 23.)  Mr. Haughney

22   is a co-debtor of Humcor since he personally guaranteed the Cascade Bank loan to Humcor.  (Id.

23   at 40.)  Cascade Bank also has liens on the property of the only other shareholders of Humcor.

24   (Id. at 16, 63.)

25           Meridian filed a motion to dismiss the Chapter 7 petition for cause under 11 U.S.C.

26   § 707(a) on June 24, 2009.  (Appellants' Appendix of Record at 52.)  Electronic notice of the

OPINION AFFIRMING DECISION OF THE                              CASE NO. C09-1090
BANKRUPTCY COURT - 2

1   filing was provided to debtor and its counsel, trustee and his counsel, and Cascade Bank and its

2   counsel. (Appellee's Appendix of Record at 46-47.) On July 10, 2009, the Trustee filed its

3   response to the motion to dismiss. (Appellants' Appendix of Record at 87.) On July 15, 2009,

4   Smart Lending filed an additional response to the motion to dismiss. (Id. at 114.)

5         In its motion to dismiss, Meridian alleged that Humcor had filed its bankruptcy petition

6   in bad faith. (Id. at 48.) Meridian alleged that bad faith existed because:

> All that can be done in this case is to take money from Meridian and give it to
> other creditors and in the process John Haughney will receive a substantial
> personal financial benefit. It is not a legitimate purpose of a Chapter 7 to merely
> rearrange priorities among corporate creditors. When the dust settles from the
> administration of this case, the Trustee will have made a fee at the expense of
> Meridian, the Trustee's lawyer will have made a fee at the expense of Meridian,
> Cascade Bank will receive at least a percentage distribution on its $185,000 plus
> claim at the expense of Meridian, and Smart Lending, LLC will receive a
> distribution on its $405,000 claim at the expense of Meridian and, <u>any distribution
> to Cascade Bank or Smart Lending, LLC will directly benefit John Haughney and
> in the case of a distribution to Smart Lending, his mother an[d] mother-in[-]law
> will also receive a financial benefit.</u>

(Id. at 48-49.)

        On July 13, 2009, Meridian filed a notice of the motion to dismiss. (Id. at 90.) Meridian

filed proof of service of the motion to dismiss on July 14, 2009. (Id. at 92.) The proof of service

does not contain an affidavit or declaration of service. (Id.) A hearing on the motion to dismiss

was held on July 17, 2009. (Id. at 116.) Smart Lending and the Trustee both made appearances

and argued against the motion to dismiss. (Id.) The bankruptcy court granted the motion to

dismiss. It concluded at the hearing that:

> All right. I'm going to dismiss this case, because I think I really thought about this
> issue and considered it when the parties were here before. Now some of the
> parties that are here now were not here before. You know, it seems to me that,
> really, this is not a case that needs an independent anybody, because we already
> have the advocates before the Court. And the reality is that this is a battle
> between, you know, Smart Lending and the landlord, and that can go on in state
> court, as far as I'm concerned, without the necessity of the trustee. So the case is
> dismissed.

1   (Id. at 126.)  In the formal order dismissing the petition, the court found "that for the reasons set

2   forth in the motion cause exists to dismiss this case." (Id. at 128.)

3     The bankruptcy court has stayed the dismissal pending this appeal.  (Id. at 246.)  During the

4   pendency of the appeal, the trustee filed a motion for sale of assets of the estate free and clear of

5   liens and interests with this Court.  (Dkt. No. 24.)

6                  **II.  Analysis**

7     This Court reviews de novo "whether a type of misconduct can constitute 'cause' under

8   11 U.S.C. § 707(a)".  In re Sherman, 491 F.3d 948, 969 (9th Cir. 2007).  This Court then reviews

9   a bankruptcy court's decision to grant or deny a motion to dismiss for misconduct that

10   constitutes "cause" for abuse of discretion.  Id.  The factual findings of the bankruptcy court are

11   reviewed for clear error.  In re Rosson, 545 F.3d 764, 771 (9th Cir. 2008).

12     **A.  Notice**

13     Trustee alleges that notice to the creditors for the motion to dismiss was inadequate and

14   proof of service was deficient because an affidavit was not attached.  (Dkt. No. 19 at 5-7.)  11

15   U.S.C. § 707(a) provides for "notice and a hearing" prior to the dismissal of a case for cause.

16   Trustee alleges that Federal Rule of Bankruptcy Procedure 2002 applies and all creditors should

17   have received 20 days notice.  Fed. R. Bankruptcy P. 2002(a)(4).  The "essential point is that the

18   court should give counsel a meaningful opportunity to be heard." In re Rosson, 545 F.3d at 774

19   (quotation marks omitted).

20     Trustee and Smart Lending concede that they received notice.  (Dkt. No. 34 at 8.)  They

21   both were present at the hearing and argued the motion before the bankruptcy court.  Neither of

22   them was denied due process.  Appellants' argument is that creditors did not receive adequate

23   notice and were not heard.  The only creditor they bring forward as a person who did not receive

24   notice is Scott Latenslager.  (Id. at 3.)  There is no evidence that Latenslager had actual notice of

25   the motion to dismiss or the hearing.

26

1    Assuming Latenslager received inadequate notice, to grant a reversal of the motion to

2    dismiss based on this notice argument Trustee bears the burden of showing that the error was

3    prejudicial and not harmless.  In re Rosson, 545 F.3d at 776; Palmer v. Hoffman, 318 U.S. 109,

4    116 (1943).  In the case of lack of notice the party complaining of lack of notice's burden is to

5    show that she "would have said anything that could have made a difference."  In re Rosson, 545

6    F.3d at 777; see also In re Bartle, 560 F.3d 724, 730 (7th Cir. 2009) ("[Trustee's] substantial

7    rights must have been affected by the error, and that is true only if he had a response to the []

8    motion that might have altered the court's decision.").

9    At no point in Appellants' briefing have they met their burden of showing that they were

10   prejudiced.  There is no argument as to how their rights have been affected or alternative

11   arguments that would have changed the court's mind.  Any procedural deficiency in notice was

12   harmless.  See In re City Equities Anaheim, Ltd., 22 F.3d 954, 959 (9th Cir. 1994).

13   **B.  Bad Faith**

14   Appellants also allege that there is no such thing as a dismissal under 11 U.S.C. § 707(a)

15   for bad faith and therefore there was no cause for dismissal.  Section 707(a) indicates:

16   The court may dismiss a case under this chapter only after notice and a hearing
     and only for cause, including—

17   (1) unreasonable delay by the debtor that is prejudicial to creditors

     (2) nonpayment of any fees or charges required under chapter 123 of title 28; and

18   (3) failure of the debtor in a voluntary case to file, within fifteen days or such

19       additional time as the court may allow after the filing of the petition
         commencing such case, the information required by paragraph (1) of section

20       521, but only on a motion by the United States trustee.

21   As to the first part of appellants arguments, they are correct, the Ninth Circuit has ruled that there

22   is not a "bad faith" category for dismissal under § 707(a).  In re Padilla, 222 F.3d 1184, 1193

23   (9th Cir. 2000).  The Ninth Circuit, has instead, created a two part test when the conduct does not

24   fit into the enumerated categories:

25   First: [a court] must consider whether the circumstances asserted to constitute
     "cause" are contemplated by any specific Code provision applicable to Chapter 7

26   petitions. If the asserted "cause" is contemplated by a specific Code provision,

1
2
3
> then it does not constitute "cause" under 707(a). If, however, the asserted "cause" is not contemplated by a specific Code provision, then [the court] must further consider whether the circumstances asserted otherwise meet the criteria for "cause" for discharge under § 707(a).

4  In re Sherman, 491 F.3d at 970 (citations omitted).

5          Proceeding under the first step, this Court must define what conduct has been alleged and

6  determine if that has been contemplated by any specific bankruptcy code provision. This Court

7  decides if "other specific Code provisions address the type of misconduct alleged." Id.   In In re

8  Padilla, the Ninth Circuit found that an individual debtor's credit-card bust-out was more

9  properly addressed under § 707(b) which governs general concerns regarding the discharge of

10 consumer debt.[1] 222 F.3d at 1193-94. The court also noted that § 523 dealt with misconduct in

11 the discharging of a specific consumer debt. Id. at 1194 n.7. In re Sherman addressed three

12 other provisions of the Bankruptcy Code that cover types of misconduct. In re Sherman, 491

13 F.3d at 970. The Ninth Circuit looked first at § 362(b) which covers using the automatic stay

14 provisions of bankruptcy as a refuge from the jurisdiction of other courts. Id. at 971. The court

15 then looked at § 547(b) which covers preferential prepetition transfers of a debtor's interest in

16 property. Id. Finally, the court looked at § 727(a)(4)(A) which covers conduct related to a

17 debtors' misrepresentations of liabilities and expenses. Id. at 973. None of the code provisions

18 contemplated by the Ninth Circuit address the type of misconduct alleged here.

19         Here, Meridian is alleging that the sole purpose of Humcor, of which John Haughney is a

20 controlling shareholder, filing bankruptcy is so that it can avoid Meridian's lien to personally

21 benefit John Haughney. The sale of Humcor's assets would go towards paying Smart Lending,

22 LLC, which John Haughney was the founder of and retains an interest in, and Cascade Bank,

23 which John Haughney owes money to as part of his personal guaranty of Humcor's loan from

24 Cascade Bank. Debtor's filing bears all the marks of a form of self-dealing in that a controlling

25

26
---
[1] "Credit card 'bust-out' is a term used to describe a person's accumulation of a consumer debt in anticipation of filing for bankruptcy." In re Padilla, 222 F.3d at 1188.

1   shareholder has filed bankruptcy to avoid a lien so that he can use the debtor's assets to pay

2   himself back and limit his personal liability.

3       Appellants argue that this type of conduct is the precise thing that Chapter 7 bankruptcy

4   allows because Chapter 7 contemplates the rearrangement of lien priority for payment.  The

5   sections that the appellants point to as covering the conduct are 11 U.S.C. §§ 507, 545, 551, 726.

6   This Court evaluates each section in turn to see if they cover the described conduct.  Section 507

7   deals with priorities of claims in Chapter 7 bankruptcy and has no provisions about when priority

8   can be set aside due to misconduct.  Section 545 is of no avail because it does not cover any

9   instances in which avoidance of a statutory lien is limited; it only provides that the lien can be

10  avoided.  Section 551 merely discusses automatic preservation of an avoided transfer, not when a

11  lien cannot be avoided.  Section 726 provides for how the property shall be distributed and also

12  does not deal with how certain distributions can be set aside in the event of the alleged

13  misconduct.  None of the sections identified by appellant set out any basis for relief from the

14  alleged misconduct.  These sections all assume a bankruptcy petition free from misconduct.

15      Appellants also allege that § 362(d)(1) is a more appropriate remedy.  This section is the

16  remedy for § 362(b) which contemplates petitioners seeking refuge from another court's

17  jurisdiction.  It could be argued that Humcor is taking refuge from the Pierce County foreclosure

18  action.  However, Humcor is not merely using bankruptcy to avoid foreclosure, it is using

19  bankruptcy to avoid Meridian's lien.  Therefore § 362(d)(1) is inappropriate.

20      The main flaw in Appellants' reasoning as to all the above sections that could cover

21  Humcor's conduct is that they are only looking at Humcor's desire to avoid the lien.  Humcor's

22  conduct is best understood when broken down into two components: (1) to avoid Meridian's

23  lien; and (2) to give preferential treatment to creditors that are related to the debtor.  Appellants'

24  arguments only focus on step (1) and completely ignore step (2).

25      Finding that no section of the Bankruptcy Code addresses the type of misconduct alleged

26  here, this Court must consider whether the circumstances here can constitute "cause" for

OPINION AFFIRMING DECISION OF THE                          CASE NO. C09-1090
BANKRUPTCY COURT - 7

1    dismissal.  The Bankruptcy Code does not countenance the type of behavior exhibited by John

2    Haughney and Humcor.  The facts as outlined previously show that Humcor originally petitioned

3    for Chapter 11 bankruptcy but the petition was dismissed because they had no organization plan

4    and had filed in bad faith.  (Appellee's Appendix of Record at 3.)  The facts also show that

5    Humcor filed for bankruptcy to avoid the lien of the one secured creditor that controlling insider

6    John Haughney did not have any ties to.  (Appellants' Appendix of Record at 5, 23, 40, 58-60,

7    72.)  John Haughney is the direct beneficiary of avoiding the lien.  Any payout to Smart Lending,

8    LLC or Cascade Bank helps John Haughney.  The only scenario in which John Haughney does

9    not benefit is if Humcor has to pay Meridian.

10          Trustee cites to In re Sylmar Plaza, L.P., 314 F.3d 1070, 1075 (9th Cir. 2002) for the

11   proposition that it is appropriate for debtors to file for bankruptcy to take advantage of specific

12   provisions of the code.  However, In re Sylmar Plaza only stands for the proposition that doing

13   so is not a per-se bad faith filing.  Id.  The Ninth Circuit reaffirmed the case-by-case totality of

14   the circumstances standard for determining cause for dismissal.  Humcor's actions would be

15   appropriate if the creditors to be benefitted bore no relation to a controlling insider within

16   Humcor.  Here, however, the self-dealing on the part of John Haughney constitutes "cause" for

17   dismissal.

18          Finding that the alleged conduct can constitute cause for dismissal, this Court finds that

19   the bankruptcy court did not abuse its discretion in dismissing the case and that its factual

20   findings were not clearly erroneous.  Based on the facts, the bankruptcy court could easily have

21   found that debtor had filed for bankruptcy for the sole purpose of lining the pockets of John

22   Haughney.  It was well within the discretion of the bankruptcy court to find that the totality of

23   the circumstances here warranted dismissal for cause.

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Conclusion**

The Court therefore AFFIRMS the judgment of the Bankruptcy Court dismissing the petition for bankruptcy.  The motion for the sale of assets is rendered moot and the related motion for attorney's fees is denied.

Dated this 21st day of April, 2010.


Marsha J. Pechman
United States District Judge